**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JENNIFER OLSON on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-cv-01914 ) ) Honorable Matthew F. Kennelly |
| IMPERIAL MARBLE CORPORATION, | ) ) |
| Defendant. | ) |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION
FOR (A) CLASS CERTIFICATION, (B) APPOINTMENT OF CLASS
REPRESENTATIVE, (C) APPOINTMENT OF CLASS COUNSEL,
(D) APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE, AND (E) SUCH
OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM APPROPRIATE**

I.      STATEMENT OF THE NATURE OF THE MATTER BEFORE THE COURT

Jennifer Olson ("Plaintiff") submits this memorandum of law in support of her motion for

an order certifying a class pursuant to Federal Rule of Civil Procedure 23 and the specific

statutory provision contemplating class treatment of claims under the Worker Adjustment and

Retraining Notification ("WARN") Act (29 U.S.C. §§ 2101, *et seq.*). *See* 29 U.S.C. § 2104(a)(5)

("A person seeking to enforce such liability… may sue either for such person or for other

persons similarly situated, or both….").  The proposed class is comprised of the Plaintiff and the

90 or so other similarly situated former employees of Imperial Marble Corporation

("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street,

Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or

about February 13, 2018 or within thirty days thereafter, who do not file a timely request to opt-

out of the class.  Relatedly, Plaintiff also seeks an order (i) appointing Plaintiff Jennifer Olson as

Class Representative; (ii) appointing The Gardner Firm, P.C., Lankenau & Miller, LLP and Hiltz

1

& Zanzig LLC as Class Counsel; (iii) approving the form and manner of Notice to the Class; and (iv) granting such other and further relief as the Court may deem appropriate.

Plaintiff is filing this motion under the guidance from the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).[1]

II.    <u>BACKGROUND</u>

Defendant terminated the Plaintiff and the putative class members without giving them the 60 days' advance written notice required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq.* (the "WARN Act") (*See* Ex. 1 (Decl. of Plaintiff Jennifer Olson).) On March 16, 2018, Plaintiff filed a WARN Act class action in this Court (the "Complaint"). The Complaint alleges that Defendant is an "employer" as defined by the WARN Act; and that the Defendant effected a mass layoff, as defined in the WARN Act, at its Facility.

The Complaint further alleges that the Plaintiff and the other similarly situated former employees terminated on or about February 13, 2018, worked at or reported to the Facility, and that these former employees did not receive from the Defendant 60 days' advance written notice of their termination, as required by the WARN Act. The Complaint further alleges that the proposed class meets the requirements of Rules 23(a) and (b) of the Federal Rules of Civil Procedure and that there are common questions of law and fact applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that the Plaintiff's claims are typical of the claims of the other Class members; that the Plaintiff will fairly and adequately protect and represent the interests of the Class; that the Plaintiff has the

---

[1] Plaintiff recognizes that *Chapman v. First Index, Inc.*, 796 F. 3d 783, 787 (7th Cir. 2015) overruled *Damasco* to the extent it held that a defendant's offer of full compensation to a purported class plaintiff moots the litigation. However, since *Chapman* suggests the possibility that the same outcome as that in *Damasco* might still be available through a concept other than "mootness," Plaintiff has expeditiously filed this motion to protect the proposed class.

time and resources to prosecute this action; and that the Plaintiff has retained counsel who have extensive experience in matters involving the WARN Act.

The Complaint further alleges that the questions of law and fact common to the class members predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; that no putative class members have an interest in individually controlling the prosecution of a separate action under the WARN Act; and that concentrating all the potential litigation concerning the WARN Act rights of the Class members in this court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the Class members.[2]

Plaintiff effected service of the Complaint on March 19, 2018. (*See* Affidavit of Process Server [Dkt. #4].) Defendant has yet to answer or otherwise respond to the Complaint.

III.  OVERVIEW OF THE WARN ACT

The WARN Act bars an employer with 100 or more employees from ordering a "plant closing" i.e., the shutdown of a single site of employment resulting in an employment loss termination of 50 or more full-time employees at that single site of employment within a 30-day period, unless at least 60 days' advance written notice containing specified information is provided to each employee who will be terminated as part of, or as a reasonably foreseeable result of, the plant closure. 29 U.S.C. §§ 2101(a)(1), (3), (5) & (6), 2102(a)(1). Failure to give the required notice renders the employer liable to each affected employee for 60 days' pay and benefits. If the employer gives less than 60 days' notice, the employer is liable for pay and

---

[2] Since the filing of the Complaint, Plaintiff has learned that a competing WARN Act class action was also filed on March 16, 2018 in the United States District Court for the Northern District of Illinois, Western Division (Case No. 3:18-cv-50097).

benefits for the number of days notice was not given.  29 U.S.C. § 2104; *see also*, *UAW Local 1077 v. Shadyside Stamping Corp.*, No. 91-3243, 1991 U.S. App. LEXIS 27051, at *7 (6th Cir. Nov. 8, 1991) ("any employer who orders a mass layoff or plant closing in violation of section 2102 shall be liable for 'back pay for each day of violation,' including the cost of fringe benefits, up to a maximum of sixty days back pay.").  The notice must be given by a method that is reasonably designed to ensure fulfillment of the employer's obligation to give notice to each affected employee. 29 U.S.C. § 2107(b); 20 C.F.R. § 639.8.

While the full sixty (60) days' written notice of a "mass layoff" is not required under the "unforeseeable business circumstances" exception, the employer must nonetheless give affected employees as much notice as is practicable and a brief written statement explaining the reason why less than sixty (60) days' notice was given.  29 U.S.C. § 2102 (b)(2)(A) and (3).  As noted above, the WARN Act allows a person seeking to enforce WARN liability to sue on behalf of other persons similarly situated.  29 U.S.C. § 2104(a)(5)

IV.    ARGUMENT

A.    The Proposed Class Meets Each of the Requirements of Fed. R. Civ. P. 23.

This Court has recognized that "'the WARN Act seems particularly amenable to class litigation.'" *Moreno v. DFG Foods, LLC*, No. 02 C 4019, 2003 U.S. Dist. LEXIS 8700, at *18 (N.D. Ill. May 21, 2003) (quoting *Finnan v. L.F. Rothschild & Co., Inc.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (Leval, J.)).  Here, the proposed Class is comprised of the Plaintiff and the 90 or so other similarly situated former employees of Defendant who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018, or within thirty days

4

thereafter, who do not file a timely request to opt-out of the class. Plaintiff does not believe that

subclasses will be required in this matter and states the proposed Class definition as follows:

> All former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018, or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class").

"Federal Rule of Civil Procedure 23 sets out the criteria for certification of a class action.

First, the class must satisfy all four criteria of Rule 23(a): 'numerosity, common questions of law

or fact, typicality of claims or defenses, and adequacy of representation.' The class must also

satisfy one of the provisions of 23(b)." *Neil v. Zell*, 275 F.R.D. 256, 260 (N.D. Ill. 2011) (quoting

*Spano v. The Boeing Co.*, 633 F.3d 574, 583 (7th Cir. 2011)). All the prerequisites for

certification of the Class are present, as set forth below.

1.   The Class Meets the Requirements of Rule 23(a).

a.   The Class is Sufficiently Numerous.

Fed. R. Civ. P. 23(a)(1) requires that the class sought to be certified be "so numerous that

joinder of all members is impracticable." "Impracticable does not mean impossible; but rather,

means that joinder would be extremely difficult and inconvenient." *Haynes v. Dart*, 08 C 4834,

2009 U.S. Dist. LEXIS 65742, at *15 (N.D. Ill. July 29, 2009) (citing *Wilson v. Collecto, Inc.*,

No. 03 C 4673, 2004 U.S. Dist. LEXIS 3074, at *2 (N.D. Ill. Feb. 25, 2004)). "'Although there is

no 'bright line' test for numerosity, a class of forty is generally sufficient to satisfy Rule

23(a)(1).'" *Zell*, 275 F.R.D. at 260 (quoting *McCabe v. Crawford & Co.*, 210 F.R.D. 631, 643

(N.D. Ill. 2002)). Approximately 90 individuals fall within the definition of the Class. (*See* Ex.

1 (Olson Decl.) ¶ 5. Courts have certified classes with as few as 18 members." *Miller v. Univ.*

*of Cincinnati, 241* F.R.D. 285, 288 (S.D. Ohio 2006) (citing *Brady v. Thurston Motor Lines*, 726

F.2d 136, 145 (4th Cir. 1984). A class of 90 or so WARN Act claimants in this matter satisfies the numerosity requirement. *See e.g.*, *Cook v. ATI Enterprises, Inc., et al.*, No. 4:12-cv-00904-Y (N.D. Tex. Aug. 21, 2013) (certifying class of fifty (50) to seventy (70) WARN Act claimants); *Grimmer v. Lord, Day & Lord*, 11 IER Cases (BNA) 698 (S.D.N.Y. 1996) (certifying class of 92 WARN Act claimants).

Moreover, the average claim for each Class Member is approximately $10,000 or less, a sum which is too small for most people to justify pursuing separate individual claims, especially when such claims are likely to be contested. (*See* Ex. 1 (Olson Decl.) ¶ 11.) Consideration of such a factor is appropriate in the class action context. In *Grimmer*, 937 F. Supp. 255 (S.D.N.Y. 1996), Judge Cedarbaum, citing Professor Moore, the architect of the Federal Rules, stated that the purpose of class actions "was to make it possible for people with relatively small claims to seek legal redress. The theory was that people whose recovery would be too small to cover the cost of retaining counsel would be unlikely to bring suit." *Grimmer*, 11 IER Cases (BNA) at 699. *See also*, *Albright Petroleum Co. v. Shutts*, 472 U.S. 797, 809 (1985), 547 S. Ct. 2965, 86 L. Ed 2d 628 ("Class actions also may permit the Plaintiff to pool claims which would be uneconomical to litigate individually.").

Here, class certification would allow the class to collectively seek relief that otherwise would be too costly for each to bear alone.

        b.    <u>Questions of Law and Fact are Common to the Class.</u>

The second prerequisite of class certification is that "there be questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "Showing that the claims of the class members share a 'common nucleus of operative fact' is usually sufficient to satisfy the commonality requirement under Rule 23(a)(2). … 'Common nuclei of fact are typically manifest where … the

defendants have engaged in standardized conduct towards members of the proposed class….'"

*Moreno*, 2003 U.S. Dist. LEXIS 8700, at *21 (quoting *Keele v. Wexler*, 149 F.3d 589, 594 (7th

Cir. 1998). In the *Moreno* case, the Court identified several issues common to all the putative

class WARN Act claimants: "whether Defendant's actions triggered the sixty-day notice

requirement; … whether statutory exceptions to the notice requirement apply; whether

Defendant failed to provide notice as required; and whether proposed class members suffered an

employment loss." *Id*. at *21-22. Those very same issues are common to each of the members of

the proposed Class.[3] Just as the *Moreno* Court concluded that the commonality element was

satisfied in that case, so too should this Court find that the commonality element is satisfied here

> c.    The Claims of the Representative Party is Typical of Class.

"The third prerequisite (i.e., typicality) is that 'the claims . . . of the representative parties

are typical of the claims . . . of the class.' Fed. R. Civ. P. 23(a)(3). "The typicality requirement 'is

meant to ensure that the named representative's claims have the same essential characteristics as

the claims of the class at large.'"  *Zell*, 275 F.R.D. at 261 (quoting *Oshana v. Coca-Cola Co.*,

472 F.3d 506, 514 (7th Cir. 2006)). "Whether the Plaintiffs' claims are typical of those of the

class members they represent is closely related to the commonality inquiry. A 'plaintiff's claim

is typical if it arises from the same event or practice or course of conduct that gives rise to the

---

[3] The only difference between the class members' claims are their damages, which are
determined by each claimant's individual rate of pay and benefits. *See* 29 U.S.C. § 2104(a)(1).
Differences in damages, however, are an insufficient basis to find that commonality does not
exist. *See Uhl v. Thoroughbred Tech. & Telecomms.*, 309 F.3d 978, 986 (7th Cir. 2002) (citing
*Petrovic v. Amoco*, 200 F.3d 1140, 1147 (8th Cir. 1999) for the proposition that "[d]ifferences in
the amount of damages do not necessarily prohibit class certification."); *see also*, *Spano v.
Boeing Co.*, 633 F.3d 574, 585 (7th Cir. 2011) ("Rule 23(a)(2) does not demand that every
member of the class have an identical claim. It is enough that there be one or more common
questions of law or fact; supplemental proceedings can then take place if, for example, the
common question relates to liability of the defendant to a class and separate hearings are needed
to resolve the payments due to each member.").

claims of other class members and his or her claims are based on the same legal theory.'" *Moreno*, 2003 U.S. Dist. LEXIS 8700, at *24 (quoting *Keele*, 149 F.3d at 595). "It is only necessary for the claims of the named plaintiffs and the claims of the class at large to have the 'same essential characteristics,' and the existence of some factual differences will not always preclude class treatment." *Id*. (quoting *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596-97 (7th Cir. 1993)).

Here, the Plaintiff suffered the same type of injury as the rest of the class and there are no conflicts of interest between the Plaintiff and the other class members. (*See* Ex. A (Olson Decl.) ¶¶ 9 and 11.) The Defendant's alleged failure to comply with the requirements of the WARN Act represents a single course of conduct resulting in injury to all class members -- Plaintiff and others. Neither the Plaintiff nor any other Class Member received 60 days' advance written notice or 60 days' wages and benefits, pursuant to the requirements of the WARN Act. (*See* Ex. 1 (Olson Decl.) ¶ 6.) Thus, the factual situation of the class representative and the legal theories upon which the action is grounded are not only typical of the entire class, but are identical.

d.    <u>The Representation of the Class is Adequate.</u>

Fed. R. Civ. P. 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." "To satisfy the fourth requirement under Rule 23(a)(4), the named plaintiffs must: (1) not have claims which are antagonistic to or conflict with those of the other class members; (2) have sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) have competent and experienced attorneys that are generally able to conduct the litigation vigorously." *Moreno*, 2003 U.S. Dist. LEXIS 8700, at *28 (citing *Gammon v. GC Services Ltd. Partnership*, 162 F.R.D. 313, 317 (N.D. Ill. 1995)).

8

No divergence exists between the interests of the Plaintiff and the interests of the Class as a whole.  (*See* Ex. 1 (Olson Decl.) ¶ 11.)  The harm inflicted upon both the class representative and the class as a whole can be redressed only through relief that mandates the Defendant pay to each Class Member 60 days' wages and benefits.  The Plaintiff does not have claims that conflict with the claims common to the rest of the Class.  Thus, the interests of the Plaintiff are co-extensive with those of each of the other Class Members.  Plaintiff's counsel has discussed and thoroughly explained to the Plaintiff the nature of a class action and the potential advantages and disadvantages to the named Plaintiff by proceeding in a class action rather than individually. (*See* Ex. 2 (Decl. of Pl.'s counsel Mary Olsen) ¶ 8.)

Plaintiff and her counsel have demonstrated their willingness to pursue this litigation on behalf of Plaintiff and the Class.  (*See* Ex. 1 (Olson Decl.) ¶¶ 8, 10;  Ex. 2 (Olsen Decl.) ¶¶ 8-9.) Plaintiff and her counsel have vigorously and actively prosecuted this action by investigating the facts and researching the applicable laws and preparing and serving the Complaint against Defendant.  Plaintiff has now moved for class certification and appointment of class counsel and will continue to vigorously prosecute, this action on behalf of all Class Members.

Plaintiff's counsel is "qualified, experienced and generally able to conduct the proposed litigation."  *Eisen v. Carlisle Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968).  The Declaration of Plaintiff's counsel Mary Olsen, attached as Exhibit 2, describes Plaintiff's counsel's ample qualifications to serve as Class counsel here.  (*See* Ex. 2 (Olsen Decl.) ¶¶ 10-13.)

Accordingly, the four prerequisites of Rule 23(a) for class certification are met in this action.

2.     The Proposed Class Meets the Requirements of Rule 23(b)(3)

In addition to meeting the prerequisites for class certification under Rule 23(a), a class

must meet only one of the four additional requirements for treatment as a class action under Fed.

R. Civ. P. 23(b)(1)(A), (b)(1)(B), (b)(2) or (b)(3).  The class meets the requirements of Fed. R.

Civ. P. 23 (b)(3).  *See Zell*, 275 F.R.D. at 260 ("The class must also satisfy one of the provisions

of 23(b).").

"To maintain a class action under Rule 23(b)(3), the questions common to the class must

predominate over the questions affecting individual members, and a class action must be superior

to other available methods of adjudication."  *Klein v. O'Neal, Inc.*, 222 F.R.D. 564, 568 (N.D.

Tex. 2004) (citing Fed. R. Civ. P. 23(b)(3)).  Considerations of judicial economy and efficiency

are of paramount importance and, where, as here, determination of the common, predominant

issues shared by the class members will dispose of the matter, class certification should be

ordered.  A class action is the superior method of resolving this dispute because many of the

claims are quite small, making individual lawsuits impracticable.  *Albright Petroleum Co. v.

Shutts*, 472 U.S. 797, 809 (1985); *Eisen*, 391 F.2d at 566-67; *Rodger v. Electronic Data Systems

Corp.*, 160 F.R.D. 532, 539-40 (E.D.N.C. 1995).  As shown above, common questions of fact

and law overwhelmingly predominate over the minor questions affecting individual claims.

Four factors are set forth in  Rule 23 (b)(3) to guide the court's determination as to

whether a class action is superior and whether issues of fact and law common to class members

predominate over individual matters:  "(A) the interest of members of the class in individually

controlling the prosecution or defense of separate actions; (B) the extent and nature of any

litigation concerning the controversy already commenced by or against members of the class; (C)

10

the desirability or undesirability of concentrating the litigation of the claims in the particular

forum; (D) the difficulties likely to be encountered in the management of a class action."

Here, one former employee of Defendant, other than Plaintiff, has filed a WARN Act

lawsuit against the Defendant, but no motion for class certification has been filed.[4]   The filing of

this other complaint, however, presents no hurdle to class certification in this matter.  This forum

is ideal for concentrating the litigation of the WARN Act claims of the Class Members. The

difficulties in managing this litigation as a class action are few: the Class Members can be

readily identified from the Defendant's books and records; the liability of Defendant can be

readily calculated; and there is but one course of conduct -- Defendant's -- to adjudicate.

Since in addition to the four elements of Rule 23(a), only one of the four criteria for class

certification contained in Rule 23(b) need be met and here the criteria contained in Rule 23(b)(3)

is present, the class should be certified.  Plaintiff's class certification motion should be granted

with the class defined to include all former employees of Imperial Marble Corporation

("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street,

Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or

about February 13, 2018 or within thirty days thereafter, who do not file a timely request to opt-

out of the class ("Class").

---

[4] On the same day that Plaintiff filed the instant lawsuit against Defendant, Elizabeth Schubbe filed a purported WARN Act class action against the same Defendant, in the Rockford Division of this Court.  *See Schubbe v. Imperial Marble Corp*., Case No. 3:18-cv-50097 (N.D. Ill. 2018). However, there are a number of oddities in the *Schubbe* complaint, beginning with ¶ 6, wherein Plaintiff is described as Patricia Fair, rather than Elizabeth Schubbe.  Further, the *Schubbe* Complaint defines the affected facility as located at 9867 Somonauk Road, Hinckley, Illinois rather than at 327 E. LaSalle Street, Somonauk, IL, 60552, where Plaintiff Jennifer Olson alleges the layoffs in question in this matter occurred.  It seems that Schubbe's counsel used a WARN complaint filed by a different law firm in 2016 on behalf of a plaintiff named Patricia Fair as a template for the *Schubbe Complaint*.  It does not appear that Schubbe's counsel has any experience in prosecuting WARN Act class actions.

B.     This Court Should Appoint the Undersigned as Class Counsel.

Rule 23(g) requires that a court certifying a class must appoint class counsel.  Rule

23(g)(1)(A) provides that the court must consider:

    i.      the work counsel has done in identifying or investigating potential claims in the action;

    ii.     counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    iii.    counsel's knowledge of the applicable law; and

    iv.    the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A).

Each of the four factors enumerated in Fed. R. Civ. P. 23(g)(1)(A) support the

appointment of the undersigned Plaintiff's counsel as Class Counsel.  As to the first factor,

before instituting the present action, Plaintiff's counsel interviewed the named Plaintiff regarding

the facts surrounding her termination and potential claim.  Further, and as noted previously

herein, Plaintiff's counsel has filed this motion under the guidance from the Seventh Circuit *in*

*Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011), in order to protect the class

from a tender to the named Plaintiff.  *(See above* n.1.)  Thus, Plaintiff's counsel has diligently

sought to identify, investigate and preserve the potential WARN claims of the Class.  (*See* Ex. 2

(Olsen Decl.) ¶¶ 5, 9.)

As to the second factor, Plaintiff's counsel has collectively been appointed as class

counsel in more than 100 WARN actions.  Indeed, Lankenau & Miller, LLP and The Gardner

Firm, P.C. have represented thousands of WARN claimants.   Apart from WARN litigation,

Plaintiff's counsel has had many years of combined experience handling substantial litigation.

(*See* Ex. 2 (Olsen Decl.) ¶¶ 10-13.)

As to the third factor, Plaintiff's counsel are thoroughly familiar with the applicable law. (*See* Ex. 2 (Olsen Decl.) ¶ 10-13.)

As to the fourth factor, the efforts Plaintiff's counsel have already put into this action manifest their willingness to commit the necessary resources to adequately and fairly represent the class. (*See* Ex. 2 (Olsen Decl.) ¶ 8,9.)

Rule 23(g)(1)(B) allows the court to "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." In deciding whether to appoint Plaintiff's counsel as Class Counsel the Court should consider the unique expertise that Lankenau & Miller, LLP and The Gardner Firm, P.C. and Hiltz & Zanzig have in prosecuting WARN class actions.

C.     Appointment of Class Representative

Plaintiff's counsel request that Plaintiff Jennifer Olson be appointed as the class representative. Plaintiff's Counsel represents that Plaintiff has been diligent and active in pursuing the class claim and has worked closely with counsel in initiating and prosecuting the action; Plaintiff has no conflict of interest with other Class Members; and Plaintiff has and will fairly and adequately represent the interests of the Class. (*See* Ex. 1 (Olson Decl.) ¶¶ 10-12.) For these reasons, Plaintiff's counsel ask that Plaintiff be appointed as the class representative.

D.     The Content and Manner of Service of Notice

1.     The Proposed Notice Contains the Requisite Content

Notice to members of a class certified pursuant to Fed. R. Civ. P. 23(b)(3) "must clearly and concisely state in plain, easily understood language:

(i)     the nature of the action;

(ii)     the definition of the class certified;

(iii)    the class claims, issues, or defenses;

(iv)    that a class member may enter an appearance through an attorney if the member so desires;

(v)    that the court will exclude from the class any member who requests exclusion;

(vi)    the time and manner for requesting exclusion; and

(vii)    the binding effect of a class judgment on members under Rule 23(c)(3).

The proposed notice to the class meets each of these requirements. A copy of the proposed class notice is attached as Exhibit C to the Declaration of Plaintiff's counsel Mary Olsen, which itself is Exhibit 2 to this memorandum. The notice describes the nature of the action, the class definition, the claims, issues and defenses, that a class member may appear by counsel, that class members may elect to be excluded from the class, the time and manner for requesting exclusion, and that a judgment whether favorable or not, will bind all class members who do not request exclusion. The notice plainly provides the "class members with sufficient information [regarding the suit] to permit an intelligent decision [in] language framing the key elements in the proceedings with both clarity and objectivity." *3 Newberg* § 8.31 at 252. In short, the contents of the proposed notice fully comply with Rule 23(c).

### 2.   <u>Notice by Mail Satisfies the Manner of Notice Requirement</u>

"For any class certified under Rule 23(b)(3), the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). Individual mailings to each class member's last known address has been held appropriate. *In re Beef Industry Antitrust Litigation*, 607 F.2d 167, 179 (5th Cir. 1979); *Miller v. Republic Nat'l Life Ins. Co.*, 559 F.2d 426, 429 (5th Cir. 1977); *White v. National Football League*, 41 F.3d 402, 408 (8th Cir. 1994);

14

*Weinberger v. Kendrick*, 698 F.2d 61, 71 (2d Cir. 1983); *Steiner v. Equimark Corp.*, 96 F.R.D. 603, 614 (W.D. Pa. 1983) (individual first class mail is "best notice practicable" under Rule 23(c)(2)); *Trist v. First Federal Saving & Loan Association*, 89 F.R.D. 1, 2 (E.D. Pa.1980) (individual mailing to last known address meets Rule 23(c)(2) requirements).

Plaintiff's counsel intends to mail, to the addresses shown in Defendant's records, notice to all former employees encompassed by the proposed class definition. Plaintiff's counsel will bear the cost of first class postage for the class notice as a cost of litigation. In the case any notices returned as undeliverable, Plaintiff's counsel will undertake a search of a national database of addresses for a corrected address and will re-mail the notice to that address. Under such circumstances in the past, a corrected address has been found. Notice will be mailed so that the Class members will have at least 35 days from the date of the mailing to opt-out. Plaintiff submits that this is plainly sufficient notice.

V.     <u>CONCLUSION</u>

For all the foregoing reasons, Plaintiff respectfully requests that this Court enter an Order, substantially in the form of Exhibit 3, (a) for the certification of a class comprised of all former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018 or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class"), (b) appointing Plaintiff Jennifer Olson as the Class Representative, (c) appointing The Gardner Firm, P.C., Lankenau & Miller, LLP, and Hiltz & Zanzig, LLC as Class Counsel, (d) approving the form and manner of Notice to the Class, and (e) granting such other and further relief as this Court may deem proper.

Dated:  April 2, 2018

Respectfully submitted,

**JENNIFER OLSON, on behalf of herself and all other persons similarly situated,**

By:  ___/s/ Blair R. Zanzig_____

(One of her Attorneys)

Stuart J. Miller (*Pro Hac Vice Forthcoming*)
**LANKENAU & MILLER, LLP**
132 Nassau Street, Suite1100
New York, NY 10038
P: (212) 581-5005
F: (212) 581-2122

Mary E. Olsen (*Pro Hac Vice Forthcoming*)
M. Vance McCrary (*Pro Hac App. Forthcoming*)
**THE GARDNER FIRM, PC**
210 S. Washington Ave.
Mobile, AL  36602
P: (251) 433-8100
F: (251) 433-8181

Blair R. Zanzig (No. 6273293)
John F. Hiltz (No. 6289744)
**HILTZ & ZANZIG LLC**
53 West Jackson Blvd., Suite 205
Chicago, Illinois 60604
Tel.: (312) 566-9008
Fax: 312.566-9015

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I, Blair R. Zanzig, an attorney, hereby certify that, on the 2nd day of April 2018, I caused a true and correct copy of the foregoing **Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for (A) Class Certification, (B) Appointment of Class Representative, (C) Appointment of Class Counsel, (D) Approval of the Form and Manner of Class Notice, and (E) Such Other and Further Relief as this Court may Deem Appropriate** to be served through the Court's Electronic Case Filing System and on the following by the indicated means:

VIA E-MAIL

Brent W. Vincent, Esq.
brent.vincent@bryancave.com

*Counsel for Imperial Marble Corporation*

VIA US MAIL

Imperial Marble Corporation
327 E. LaSalle St.
Somonauk, Illinois 60552

/s/ Blair R. Zanzig

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| 1 | Plaintiff Jennifer Olson's Declaration ("Olson Decl.") |
| 2 | Declaration of Plaintiff's Counsel Mary E. Olsen ("Olsen Decl.") |
| 2-A | Class Action Complaint and Demand for Jury Trial filed in *Schubbe v. Imperial Marble Corp.*, No. 18-cv-50097 (N.D. Ill. Western Div.) (the "Schubbe Complaint") |
| 2-B | Class Action Complaint and Demand for Jury Trial filed in *Fair v. Rockford Products et al.*, No. 16-cv-50312 (N.D. Ill. Western Div.) (the "Fair Complaint") |
| 2-C | Proposed Class Action Notice |
| 3 | Proposed Order |

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

-----------------------------------------------------------------
JENNIFER OLSON on behalf of herself and all others
similarly situated,

                    Plaintiff,            Case No.: 18-cv-1914

          v.

IMPERIAL MARBLE CORPORATION

                    Defendant.
-----------------------------------------------------------------

## DECLARATION IN SUPPORT OF
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND OTHER RELIEF

I, Jennifer Olson, declare as follows under penalty of perjury:

1.      I am a former employee of Imperial Marble Corporation ("Defendant"). I worked

at the Defendant's facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility")

until the Defendant terminated me on or about February 13, 2018, along with about 90 or so

other employees from the Facility, also terminated on February 13, 2018 or within thirty days

thereafter, without cause on our part ("Similarly Situated Employees").

2.      I am the named Plaintiff in the above captioned class action suit against the

Defendant to recover sixty (60) days' pay and benefits under the Worker Adjustment and

Retraining Notification (WARN) Act of 1988 (29 U.S.C. §§ 2101 - 2109). I submit this

declaration in support of Plaintiff's Motion for Class Certification in the above action.

3.      I currently reside in Somonauk, IL.

4.      From approximately September 10, 2015 through on or about February 13, 2018,

I was employed by the Defendant at the Facility as a Customer Service Representative. I was

1

terminated without cause on my part on or about February 13, 2018 from the Facility. At the time of my discharge, I was compensated at the rate of approximately $14 per hour. I was working an average of 40 hours per week.

5. At, or around the time I was discharged, or in the thirty days thereafter, I believe the Defendant discharged approximately 90 or so Similarly Situated Employees.

6. At no time prior to my layoff did I receive any written WARN Act notice from the Defendant referencing my layoff. To the best of my knowledge, neither did any of the other Similarly Situated Employees.

7. As indicated in the WARN Act class action that I filed against the Defendant, I believe that my termination and the termination of the other employees at or about the same time as me, without cause on our part, was in violation of my WARN rights, as well as the WARN rights of the other Similarly Situated Employees. I have not received nor, to the best of my knowledge, have any of the other Similarly Situated Employees received any payments under the WARN Act.

8. Following my termination, I retained Lankenau & Miller, LLP and the Sugar Law Center for Economic and Social Justice together with their cooperating counsel, The Gardner Firm, P.C. as my counsel to assert a WARN claim on my behalf, as well as a class claim on behalf of the other Similarly Situated Employees.

9. Because the circumstances of my termination are the same as those of the other Similarly Situated Employees, I believe the factual and legal issues bearing on my WARN claim and the WARN claims of the other Similarly Situated Employees (except for damages) are the same.

10. I am eager and willing to prosecute this action on behalf of the other Similarly Situated Employees. I have actively assisted and will continue to actively assist my counsel in the prosecution of this action.

11. I have no conflict of interest with any other Similarly Situated Employees. My claim against the Defendant under the WARN Act for 60 days' wages equals approximately $4,800, not including benefits. The small size of my claim, my financial situation and the cost of attorneys' fees have left me unable to pursue this claim as a sole litigant. I believe that the other Similarly Situated Employees are similarly situated and unable to pursue their rights under the WARN Act except through a class action, especially in light of the defenses that the Defendant has raised in this case. To my knowledge, there is one other class action case against Defendant for WARN Act damages filed in a different court on the same date that I filed this action. I am not aware of any motion for class certification filed in the other matter, nor am I aware of any interest by other members of the proposed class in individually controlling the prosecution of separate WARN actions.

12. The firms of Lankenau & Miller, LLP and The Gardner Firm, P.C. have been vigorously prosecuting this action. I believe they are well-qualified to serve as class counsel.

13. In view of the foregoing, I request that Plaintiff's Motion for Class Certification and Appointment of Class Counsel be granted.

14. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on March 29, 2018

Plaintiff Jennifer Olson

3

# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

------------------------------------------------------------------

JENNIFER OLSON on behalf of herself and all others
similarly situated,

                              Plaintiff,          Case No.: 18-cv-1914

            v.

IMPERIAL MARBLE CORPORATION

                              Defendant.

------------------------------------------------------------------

**DECLARATION OF MARY E. OLSEN IN SUPPORT OF
PLAINTIFF'S MOTION FOR (A) CLASS CERTIFICATION, (B) APPOINTMENT OF
CLASS REPRESENTATIVE, (C) APPOINTMENT OF CLASS COUNSEL, (D)
APPROVAL OF THE FORM AND MANNER OF CLASS NOTICE, AND (E) SUCH
OTHER AND FURTHER RELIEF AS THIS COURT MAY DEEM APPROPRIATE**

        Mary E. Olsen hereby declares the following under penalty of perjury:

**Background**

        1.        Jennifer Olson ("Plaintiff") filed the above captioned class action against

Imperial Marble Corporation ("Defendant") to recover sixty (60) days' pay and benefits from the

Defendant under the Worker Adjustment and Retraining Notification (WARN) Act of 1988 (29

U.S.C. §§ 2101 - 2109).

        2.        I am a partner of The Gardner Firm, P.C., one of the law firms that

represent the Plaintiff in this action and the putative class.

        3.        This declaration is submitted in support of the Plaintiff's motion (a) for an

order certifying a class, pursuant to the Federal Rule of Civil Procedure 23, comprised of all

former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to

the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were

1

terminated, without cause on their part, on or about February 13, 2018 or within thirty days

thereafter, who do not file a timely request to opt-out of the class ("Class"), (b) appointing

Plaintiff Jennifer Olson as Class Representative, (c) appointing Lankenau & Miller, LLP, The

Gardner Firm, P.C., and Hiltz & Zanzig, LLC as Class Counsel, (d) approving the form and

manner of notice to the class of this class action, and (e) granting such other and further relief as

this court may deem proper (the "Motion").

**The Complaint**

    4.      On March 16, 2018, Plaintiff filed a WARN Act class action in this

Honorable Court (the "Complaint"). The Complaint alleges that Defendant is an "employer" as

defined by the WARN Act; and that the Defendant effected a mass layoff, as defined in the

WARN Act, at its Facility. The Complaint further alleges that the Plaintiff and the other

similarly situated former employees terminated on or about February 13, 2018 and thereafter,

worked at or reported to the Facility, and that these former employees did not receive from the

Defendant 60 days' advance written notice of their termination, as required by the WARN Act.

The Complaint further alleges that the proposed class meets the requirements of Rules 23(a) and

(b) of the Federal Rules of Civil Procedure and that there are common questions of law and fact

applicable to all members of the Class; that the Class is so numerous as to render joinder of all

members impracticable; that the Plaintiff's claims are typical of the claims of the other Class

members; that the Plaintiff will fairly and adequately protect and represent the interests of the

Class; that the Plaintiff has the time and resources to prosecute this action; and that the Plaintiff

has retained counsel who have extensive experience in matters involving the WARN Act. The

Complaint further alleges that the questions of law and fact common to the class members

predominate over any questions affecting only individual members; that a class action is superior

to other available methods for the fair and efficient adjudication of the controversy; that no

putative class members have an interest in individually controlling the prosecution of a separate

action under the WARN Act[1]; and that concentrating all the potential litigation concerning the

WARN Act rights of the Class members in this court will avoid a multiplicity of suits, will

conserve judicial resources and the resources of the parties and is the most efficient means of

resolving the WARN Act rights of all the Class members.

5.     Plaintiff has served the complaint, but Defendant's answer is not due until

April 9, 2018. Plaintiff is filing the class motion under the guidance from the Court of Appeals

in *Damasco v. Clearwire Corp.*, 662 F.3d 891 (7th Cir. 2011).[2]

**The Proposed Class**

6.     The Class is comprised of the Plaintiff and the 90 or so other similarly

situated former employees of Imperial Marble Corporation ("Defendant") who worked at or

reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility")

and were terminated, without cause on their part, on or about February 13, 2018 or within thirty

days thereafter, who do not file a timely request to opt-out of the class. The Plaintiff does not

believe that subclasses will be required in this matter and states the Class definition as follows:

---

[1] On the same day that Plaintiff filed the instant lawsuit against Defendant, Elizabeth Schubbe filed a purported WARN Act class action against the same Defendant, in the Rockford Division of this Court, captioned *Schubbe v. Imperial Marble Corp.*, Case No. 3:18-cv-50097 (N.D. Ill. 2018). *See*, Exhibit A, hereto. However, there are a number of oddities in the *Schubbe* complaint, beginning with ¶ 6, wherein Plaintiff is described as Patricia Fair, rather than Elizabeth Schubbe. Further, the *Schubbe Complaint* defines the affected Facility as located at 9867 Somonauk Road, Hinckley, Illinois rather than at 327 E. LaSalle Street, Somonauk, IL, 60552, where Plaintiff Jennifer Olson alleges the layoffs in question in this matter actually occurred. It seems that Schubbe's counsel used a WARN complaint filed by a different law firm in 2016 on behalf of a plaintiff named Patricia Fair as a template for the *Schubbe Complaint*. *See*, Exhibit B, hereto. It does not appear that Schubbe's counsel has any experience in prosecuting WARN Act class actions.

[2] Plaintiff recognizes that *Chapman v. First Index, Inc.*, 796 F. 3d 783, 787 (7th Cir. 2015) overruled *Damasco* to the extent it held that a defendant's offer of full compensation to a purported class plaintiff moots the litigation. However, since *Chapman* suggests the possibility that the same outcome as that in *Damasco* might still be available through a concept other than "mootness," Plaintiff has expeditiously filed this motion to protect the proposed class, herein.

All former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018 or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class").

7.      As is more fully discussed in the accompanying Memorandum of Law, undersigned submits that the Class satisfies all the requirements of Fed. R. Civ. P. 23(a) and 23(b)(3) for class certification: the Class is numerous; questions of law and fact are common to all members of the class; the Plaintiff's claims are typical of the claims of the Class; the Plaintiff will fairly and adequately protect the interests of the Class; the questions of law and fact common to the Class Members predominate over any questions affecting individual members; and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**The Suitability of the Plaintiff to Act as Class Representative**

8.      Undersigned submits that the Plaintiff was terminated, without cause, during the relevant period.  Undersigned further submits that the Plaintiff has no conflict of interest with other Class members and has and will diligently prosecute this action and represent the interests of the Class.  Undersigned has discussed and thoroughly explained to the Plaintiff the nature of a class action and the potential advantages and disadvantages to the named Plaintiff by proceeding in a class action rather than individually.  Plaintiff's counsel has taken this matter on a contingency fee basis and any litigation costs incurred are to be repaid to Plaintiff's counsel out of any recovery.

**The Diligent Prosecution of the Action**

9.      The Plaintiff, both through counsel and otherwise, has diligently prosecuted this action. Counsel thoroughly interviewed Plaintiff regarding the claims, promptly

investigated the facts, researched the law and otherwise evaluated the potential WARN claims of

the Plaintiff and the Putative Class Members. Having concluded that a WARN violation had

occurred, counsel then drafted and prepared and served a complaint against the Defendant,

drafted and prepared and served the accompanying Motion for Class Certification, and drafted

and prepared and served a Memorandum of Law in Support of the Motion for Class

Certification. Further, Plaintiff has provided a sworn declaration in support of the Motion for

Class Certification.

**The Suitability of Plaintiff's Counsel to Act as Class Counsel**

   The following attorneys will have responsibility for this matter:

a.  <u>Stuart J. Miller</u>

   10.  Stuart J. Miller is a 1982 graduate of Brooklyn College and a 1987

graduate of Columbia Law School. He was admitted to practice before the courts of the State of

New York in 1988. He has been engaged primarily as a litigator handling cases including trials

and hearings. Since August 1997, he has been involved in the WARN Act litigations handled by

Lankenau & Miller, LLP. Lankenau & Miller, LLP has been appointed class counsel in more

than 100 WARN actions.

b.  <u>Mary E. Olsen</u>

   11.  I am a 1990 graduate of the University of Alabama and a 1994 graduate of

the University of Alabama School of Law. I was admitted to practice law before the courts of

the State of Alabama in 1994 and the State of Florida in 1995. I am a partner with The Gardner

Firm, P.C. I have been engaged primarily as a litigator handling cases including trials and

hearings. Since 2000, I have actively been involved in the WARN litigations handled by The

Gardner Firm, P.C. (or the predecessor firm to The Gardner Firm, P.C.) and served as class

counsel in more than fifty (50) of those matters, including: *Charter Behavioral Health Systems, Inc., et al.,* Case No. 00-00989-01089 (Bankr. D. Del. 2000) (class of approximately 5000 employees seeking WARN Act pay); *Eleanor Hoffman, et al. and International Association of Machinists and Aerospace Workers, Local Union No. 261, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers, Local Union No. 991 and Glass, Molders, Pottery, Plastics and Allied Workers, Local 338, on Behalf of Bargaining Unit Employees of Mobile Pulley and Machine Works vs. Mobile Pulley and Machine Works and Mobile Pulley, LLC,* Case No. 02-15612 (Bankr. S.D. Ala. 2002) (class of approximately 45 employees and three unions seeking WARN Act pay); *Walsh, et al. v. Consolidated Freightways Corporation,* Case No. 03-1074 MG (Bank. C.D. Cal. 2003) (class of approximately 3000 employees seeking WARN Act pay); *Grady, et al. v. Quantegy, Inc.,* Case No. 05-80042 (Bankr. M.D. Ala. 2005) (class of approximately 225 employees seeking WARN Act pay); *Austin, et al. v. New Century TRS Holdings, et al.,* Adversary Case. No. 07-50970-KJC (Bankr. D. Del. 2007) (class of approximately 1500 employees seeking WARN Act pay); *Salvador, et al. v. People's Choice Financial Corp., et al.,* Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal. 2007) (class of approximately 750 employees seeking WARN Act pay and wage payments); *Cimmino, et al. v. Foxtons, Inc., et al.,* Adversary Case No. 07-2201 (MBK) (Bankr. D.N.J. 2007) (class of approximately 250 employees seeking WARN Act pay); *Moyer, et al. v. Barber & Ross Company,* Adversary Case No. 07-05026 (Bankr. W.D. Va. 2007) (class of approximately 250 employees seeking WARN Act pay); *Koch, et al. v. American Home Mortgage Corp.,* Adversary Case No. 07-51688 (Bankr. D. Del. 2007) (class of approximately 2300 employees seeking WARN Act pay); *Smith, et al. v. Merit Health Systems, LLC,* Case No. 3:08-CV-0477-M (N.D. Tex. 2008) (class of approximately 300 employees seeking WARN Act pay); *D'Amico, et al. v.*

*Tweeter Opco, LLC. et al., Adv. Pro. No. 08-51800*-MFW (Bankr. D. Del. 2008) (class of approximately 239 employees seeking WARN Act pay); *Price, et al. v. MPC Pro, LLC*, Adv. Pro. No. 08-51802-PJW (Bankr. D. Del. 2008) (class of approximately 865 employees seeking ARN Act pay); *Wilcox, et al. v. Axium,* Case 2:08-BK-10277-BB (Bankr. C.D. Cal. 2008) (class of approximately 620 employees seeking WARN Act pay); *McGrath v. Goody's, Inc.*, Adv. Pro. No. 09-50043-CSS (Bankr. D. Del. 2009) (class of approximately 297 employees seeking WARN Act pay); *Kettell v. Bill Heard Enterprises, Inc, et al.*, Adv. Pro. No. 08-80153-JAC (Bankr. Ala. 2008) (class of approximately 2700 employees seeking WARN Act pay); *Diaz, et al. v. Mervyns, LLC*, Adv. Pro. No. 08-51810-KG (Bankr. Del. 2008) (class of approximately 600 employees seeking WARN Act pay); *Rose, et al. v. Berkline, LLC, et al.*, Adv. Pro. No. 11-51993-MFW (Bankr. D. Del. 2011) (class of approximately 483 employees seeking WARN Act pay); *Kohlstadt and Braun v. Solyndra, LLC, et al.*, Adv. Pro. No. 11-53155-MFW (Bankr. D. Del. 2011) (class of approximately 858 employees seeking WARN Act pay); *In re: Trainor Glass Company*, No. 12 B 09458 (Bankr. N.D. Ill. 2012) (class of approximately 205 employees seeking WARN Act pay); *Thielmann, et al. v. MF Global Holdings, Ltd.*, et al., Adv. Pro. No. 11-02880-MG (Bankr. S.D.N.Y. 2011) (class of approximately 1160 employees seeking WARN Act pay); *Carroll, et al., v. World Marketing Chicago, et al.*, Case No. 15-32968 (Bankr. N.D. Ill. 2015) (class of more than 400 employees seeking WARN Act pay); *Tomasch, et al., v. Source Interlink Distribution, LLC, et al.*, Adv. Pro. No. 14-50411-KG (Bankr. D. Del. 2014) (class of approximately 525 employees seeking WARN Act pay); *Almaraz et al. v. Hamilton Scientific, LLC, et al.*, Case Number: 1:15-cv-00206-SS (W.D. Tex. 2015) (class of approximately 250 employees seeking WARN Act pay); *Vacco v. Passages Hospice, LLC*, Case 1:14-cv-02104 (N.D. Ill. 2014) (class of approximately 249 employees seeking WARN Act pay);

*Comeens, et al. v. HM Operating Incorporated et al* . Case 6:14-cv-00521-JHE (N.D. Ala. 2014) (class of approximately 270 employees seeking WARN Act pay); *Ridge, et al v. Dynasplint,* Case 1:14-cv-00378-GLR (D. Md. 2014) (class of approximately 330 employees seeking WARN Act pay); *Domerstad v. Pictorial Offset Corp.*, Case 2:15-cv-01457-KM-JBC (D. N.J. 2015) (class of approximately 112 employees seeking WARN Act pay); *Taravello et al v. Tango Transport*, Adv. Pro. No. 16-04052 (Bankr. E.D. Tex. 2016) (class of approximately 108 employees seeking WARN Act pay); *Williams, et al. v. Microfibres Inc.,* Adv. Pro. No. 1:16-ap-01002 (Bankr. R.I. 2016) (class of approximately 175 employees seeking WARN Act pay); *O'Rourke v. Limited Stores, LLC*, Adv. Pro. No. 17-50005-KJC (Bankr. Del. 2017) (class of approximately 175 employees seeking WARN Act pay).

c.      M. Vance McCrary

12.      M. Vance McCrary is a partner with The Gardner Firm, P.C. He attended the University of Alabama School of Law, graduating in 2001. He is admitted to practice law in the state and federal courts of Alabama, as well as the Eleventh Circuit U.S. Court of Appeals and the U.S. Supreme Court. Mr. McCrary's practice focuses on the litigation of mass tort, class action, toxic tort and complex product liability claims. Mr. McCrary regularly litigates labor and employment cases before state and federal courts. Mr. McCrary has been lead class counsel in several state court class actions in Alabama and he is also co-lead class counsel in many nationwide class cases litigated in federal district courts and the bankruptcy courts on behalf of claimants seeking pay for violation of the WARN Act. He has served as class counsel in more than fifty (50) WARN Act class actions. Many of these cases were class actions against debtors in bankruptcy including: *Grady, et al. v. Quantegy, Inc.*, Case No. 05-80042 (Bankr. M.D. Ala.) (class of approximately 225 employees seeking WARN Act pay); *Austin, et al. v. New Century*

*TRS Holdings, et al.*, Adversary Case. No. 07-50970-KJC (Bankr. D. Del.) (class of approximately 1500 employees seeking WARN Act pay); *Salvador, et al. v. People's Choice Financial Corp., et al.*, Adversary Case No. SA 07-1098-RK (Bankr. C.D. Cal.) (class of approximately 750 employees seeking WARN Act pay and wage payments); *Cimmino, et al. v. Foxtons, Inc., et al.*, Adversary Case No. 07-2201 (MBK) (Bankr. D.N.J.) (class of approximately 250 employees seeking WARN Act pay); *Meyers, et al. v. Barber & Ross Company*, Adversary Case No. 07-05026 (Bankr. W.D. Va.) (class of approximately 250 employees seeking WARN Act pay); *Koch, et al. v. American Home Mortgage Corp.*, Adversary Case No. 07-51688 (Bankr. D. Del.) (class of approximately 2300 employees seeking WARN Act pay); *In re: Trainor Glass Company*, No. 12 B 09458 (Bankr. N.D. Ill. 2012) (class of approximately 205 employees seeking WARN Act pay); *Thielmann, et al. v. MF Global Holdings, Ltd.*, et al., Adv. Pro. No. 11-02880-MG (Bankr. S.D.N.Y. 2011) (class of approximately 1160 employees seeking WARN Act pay); *Carroll, et al., v. World Marketing Chicago, et al.*, Case No. 15-32968 (Bankr. N.D. Ill. 2015) (class of approximately 350 employees seeking WARN Act pay); *Tomasch, et al., v. Source Interlink Distribution, LLC, et al.*, Adv. Pro. No. 14-50411-KG (Bankr. D. Del. 2014) (class of approximately 525 employees seeking WARN Act pay)

d.     Blair Zanzig and John Hiltz

13.     Blair Zanzig and John Hiltz are based in Chicago and are experienced counsel. Their combined experience includes complex issues in district court and bankruptcy litigation. Hiltz & Zanzig, LLC have been appointed as class counsel along with Lankenau & Miller, LLP and The Gardner Firm, P.C. in four other WARN Act class action cases. Mr. Zanzig and Mr. Hiltz have served as local counsel in this matter from its inception.

14.     Undersigned submits that Plaintiff's counsel are well-suited to serve as class counsel, they have no conflict of interest, and, as shown above, have diligently prosecuted this action and should be appointed Class Counsel.

**The Form and Manner of Notice to the Class**

15.     As shown by the accompanying Motion, undersigned submits that the Proposed Notice to the class satisfies the requirements for such a notice.  The Notice fairly apprizes the class members of the nature of the action, of their right to opt-out of the class, and of the effect of their failure to opt-out, namely, that they will be bound by the outcome of the litigation (annexed as Exhibit C).

16.     The Motion seeks approval of service of the Class Notice by first class mail sent to the address of each class member shown in the records of the Defendant.  As discussed in the Motion, undersigned submits that service in this manner is proper.

**Conclusion**

17.     In view of the foregoing, the annexed exhibits, the accompanying Motion and Memorandum of Law and the accompanying declaration of Plaintiff Jennifer Olson in support of this motion, undersigned submits that this Court should enter an order (a) certifying a class, pursuant to the Federal Rules of Civil Procedure Rule 23, comprised of all former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018 or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class"), (b) appointing Lankenau & Miller, LLP, The Gardner Firm, P.C., and Hiltz & Zanzig, LLC as Class Counsel, (c) appointing Plaintiff Jennifer Olson as the class representative, (d) approving the form and manner of notice to the class of this

class action, and (e) granting such other and further relief as this Court may deem proper.

Dated: March 29, 2018

_____
MARY E. OLSEN

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF ILLINOIS
### ROCKFORD DIVISION

---

**ELIZABETH SCHUBBE,** on behalf of herself )
and all others similarly situated, )
                                             )      **Case Number:**

**v.** )
                                               )

**IMPERIAL MARBLE CORP.** )
                                     )
                          Defendant.       )

---

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Elizabeth Schubbe ("Plaintiff") files this Class Action Complaint against Defendant, Imperial Marble Corp ("Imperial" or "Defendant"), and states as follows:

### NATURE OF ACTION

1.      This is a class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et. seq.* ("WARN Act").

2.      The Defendant is liable under the WARN Act for the timing and lack of specificity of the notice provided to Plaintiff and the other similarly situated former employees of their employment loss as required by the WARN Act.

### JURISDICTION AND VENUE

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

4.      Venue is proper in the Northern District of Illinois, because the events giving rise to this action occurred in Hinckley, IL, DeKalb County, which lies within the Northern District.

5.      This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23.

**PARTIES**

6.      Plaintiff PATRICIA FAIR is a resident of Illinois and was employed by Defendant until her loss employement without cause on February 13, 2018.

7.      Defendant is an Illinois company registered with the Illinois Secretary of State to conduct business in Illinois, and its principal office is located at 9867 Somonauk Road, Hinckley, Illinois 60520.

8.      The site of employment that is the subject of this lawsuit is located in Hinckley, Illinois, DeKalb County.

9.       According to its website, Defendant is "the leading manufacturer of cultured marble and molded solid surface vanity tops, home, and bath products," and "serve[s] the top kitchen and bath dealers, remodelers supply as well as the Hospitality, Hospital, Apartment & Condo, Military and School markets."

10.     Upon information and belief, Defendant employed more than 100 persons.

11.     Plaintiff has satisfied all conditions precedent, or they have been waived.

12.     Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

13.     Plaintiff requests a jury trial for all issues so triable.

14.     At all times material to this Complaint, Plaintiff was an "employees" of Defendant.

15.     At all times material to this Complaint, Defendant was an employer subject to the requirements of the WARN Act.

## STATEMENT OF FACTS

16.     Plaintiff and other similarly situated employees suffered employment loss as part of mass layoff as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act from Defendant.

17.     The notice Plaintiff and other similarly situated employees received notifying them of the employment loss did not comply with the notice requirements of the WARN Act. Specifically, the notice did not contain:

    a)      The name and address of the employment site where the employment loss would occur, and the name and telephone number of a company official to contact for further information;

    b)      A statement as to whether the employment loss was expected to be permanent or temporary; and

    c)      The job titles of positions to be effected and the names of the workers currently holding the effected jobs.

18.     On February 13, 2018, Plaintiff and all other similarly situated employees who reported to Defendant's site of employment were notified that their "last day of employment will be 2/13/2018."

19.     On February 14, 2018, similarly situated employees to Plaintiff who reported to Defendant's site of employment were notified that their "last day of employment will be 2/14/2018."

20.     In total, at least seventy-nine (79) employees suffered employment loss at the site of employment on February 13, 2018 to February 14, 2018.

21.     The seventy-nine (79) employees who suffered employment loss comprised at least thirty-three percent (33%) of the employees at the site of employment.

22.     Pursuant to the WARN Act, Plaintiff maintains this action on behalf of herself and on behalf of each of the other similarly situated former employees.

23.     Each of the other similarly situated former employees is similarly situated to the Plaintiff in respect to his or her rights under the WARN Act.

24.     Defendant was required by the WARN Act to give Plaintiff and other similarly situated former employees or the representatives at least 60 days' advance written notice of their respective termination.

25.     Defendant was required by the WARN Act to provide a specific notice of termination that included certain minimum disclosures.

26.     Defendant failed to pay Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday and vacation pay which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

27.     Plaintiff worked for Defendant during the statutory period.

## RULE 23 CLASS ACTION ALLEGATIONS

28.     Plaintiff asserts a Rule 23 class claim on behalf of the putative Class defined as follows:

**All persons who worked at or reported to the Defendant's Hinckley, Illinois facility ("Facility") and who suffered employment loss without cause by insufficient notice by the Defendant as part of the mass layoff on February 13, 2018 and February 14, 2018 (the "Class")**

4

29.     The number of persons in the putative Rule 23 Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the putative Rule 23 Classes herein include over 79 persons, which comprises more than thirty-three percent (33%) of Defendant's employees at the Facility.

30.     Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

31.     There is a well-defined community of interest presented by the putative Rule 23 Class herein in that, among other things, each member of the putative Rule 23 Class has an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm of which Plaintiff complains, and obtaining other adequate compensation for the common damages which Plaintiff and all other persons similarly situated have suffered as a result of Defendant's actions.

32.     A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

33.     The prosecution of separate actions by individual members of the putative Rule 23 Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Class which may establish incompatible standards of conduct for Defendant and which would also create a risk of adjudications with respect to individual members of the putative Rule 23 Class herein which would, as a practical matter, be dispositive of the interests of other members of the putative Rule 23 Class not parties to the particular individual adjudications, and/or may substantially impede or impair the ability of those other members to protect their interests.

34.     Common questions of law and fact exist in this case with respect to the putative Rule 23 Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

35.     At some time during the class period, all of the individuals in the putative Rule 23 Class herein have been employed by Defendant and suffered an employment loss and denied wages under the WARN Act due to Defendant's actions.

36.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy- particularly in the context of WARN Act litigation, where the individual Plaintiff and Class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

37.     There are questions of law and fact common to the Class members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a)  Whether the Class members were employees of Defendant who worked at or reported to the Facility; and

(b)  Whether the Defendant ordered the loss of employment of each of the Class members without cause on their part and without giving them the specific 60 days' advance written notice as required by the WARN Act.

38.     The claims of the named Plaintiff in this case are typical of those of the other Class members which she seeks to represent, in that, among other things, Plaintiff and each other Class member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by the Defendant as complained of herein.

39.     The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class members which the named Plaintiff seeks to represent.

40.     The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the putative Class which she seeks to represent. Plaintiff does not have any interests which are antagonistic to the interests of the putative Class herein.

41.     Counsel for Plaintiff are experienced, qualified and generally able to conduct complex class action legislation.

42.     The relief sought in this action is necessary to restore to members of the putative Class the money and property which the Defendant has illegally acquired through the unlawful treatment of each Class member as described herein.

43.     Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the putative Class members are available from Defendant's records.

## COUNT I – WARN ACT VIOLATIONS CLASS ACTION CLAIM

44.     At all relevant times, the Defendant employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,00 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the Facility.

45.     At all relevant times, the Defendant was an "employer" of the Class members as that term is defined by the WARN Act.

46.     On February 13, 2018 to February 14, 2018, Defendant ordered a mass layoff as that term is defined by the WARN Act.

47.     Plaintiff and the Class members all received the materially same notice notifying them of their immediate loss of employment.

48.     The Defendant's actions at the Facility resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

49.     The Defendant's termination of the Plaintiff's and the Class members' employment constituted employment loss as defined by the WARN Act.

50.     The Plaintiff and each of the Class members who were employed by the Defendant and suffered employment loss by the Defendant as a result of Defendant's actions at the Facility were "affected employees" as defined by the WARN Act.

51.     The Plaintiff and each of the Class Members are "aggrieved employees" of Defendant as that term is defined by the WARN Act.

52.     Pursuant to the WARN Act, Defendant was required to provide a specific 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) day prior notice was not given.

53.     Defendant failed to give the required specific notice and failed to give it at least sixty (60) days prior notice of the termination in violation of the WARN Act.

54.     Defendant failed to pay the Plaintiff and each of the Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective termination, and failed to make the pension and

401(k) contributions, provided other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

55. As a result of the Defendant's failure to pay wages, benefits and other monies as asserted, Plaintiff and the Class members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE**, the Plaintiff and Class demand judgment against Defendant as follows:

a) An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the distribution of the WARN Act notice, that would have been covered and paid under the then applicable employee benefit plans had that
coverage continued for that period, all determinate in accordance with the WARN Act, 29 U.S.C § 2104(a)(1)(A);

b) Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiff and the other similarly situated former employees constitute a single class;

c) Interest as allowed by law on the amounts owed under the proceeding paragraphs;

d) The reasonable attorneys' fees and the costs and disbursements the Plaintiff incurs in prosecuting this action, as authorized by the WARN Act;

e)      Civil penalties in the maximum amount per employee, as provided by the WARN

Act; and

f)      Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

March 16, 2018

Respectfully submitted by:

*/s/ Jeffrey Sobek*
One of Plaintiff's Attorneys

Illinois Attorney Registration No. 6285186
JS Law
29 E. Madison Street, Suite 1000
Chicago, Illinois 60602
Telephone (312) 756-1330
jeffs@jsslawoffices.com

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## NOTHERN DISTRICT OF ILLINOIS
### ROCKFORD DIVISION

**PATRICIA FAIR, on behalf of herself
and all others similarly situated,**

      **Plaintiffs,**

**v.**                           **Case Number:**

**ROCKFORD PRODUCTS, LLC,
BEP/ROCKFORD PARTNERS, LLC,
and BLACKEAGLE PARTNERS, LLC,**

      **Defendants.**
_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff, PATRICIA FAIR files this Class Action Complaint against Defendants, ROCKFORD PRODUCTS, LLC ("RPL"), its Managing Member, BEP/ROCKFORD HOLDINGS, LLC ("BEP"), and its parent company, BLACKEAGLE PARTNERS, LLC ("BlackEagle") (collectively referred to as "Defendants"), and states as follows:

## NATURE OF ACTION

    1.    This is a class action for collection of unpaid wages and benefits for sixty (60) calendar days pursuant to the Workers Adjustment and Retraining Notification Act of 1988, 29 U.S.C. §§ 2101-2109 *et. seq.* ("WARN Act").

    2.    The Defendants are collectively liable under the WARN Act for the failure to provide the Plaintiffs and the other similarly situated former employees at least 60 days' advance notice of their termination as required by the WARN Act.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5).

4.      Venue is proper in the Northern District of Illinois, because the events giving rise to this action occurred in Rockford, IL, which lies within the Northern District.

5.      This Complaint is filed as a class action under the Federal Rules of Civil Procedure 23.

## PARTIES

6.      Plaintiff PATRICIA FAIR is a resident of Illinois and was employed by Defendants until her termination without cause on or about August 12, 2016.

7.      Defendant RPL is a vertically integrated manufacturer of cold formed components. It is a Delaware limited liability company that operates in the State of Illinois and, until recently, employed almost 200 individuals.

8.      Defendant BEP is the managing member of RPL and exercised significant day-to-day control over RPL, including with respect to personnel, management, and daily business operations.

9.      Upon information and belief, Defendant BlackEagle is the parent company of BEP and RPL.

10.     Plaintiffs have satisfied all conditions precedent, or they have been waived.

11.     Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

12.     Plaintiffs request a jury trial for all issues so triable.

2

13.  At all times material to this Complaint, Plaintiffs were "employees" of Defendants.

14.  At all times material to this Complaint, Defendants were employers subject to the requirements of the WARN Act.

## STATEMENT OF FACTS

15.  Plaintiff's and other similarly situated employees' employment were terminated as part of plant shutdowns as defined by the WARN Act, for which they were entitled to receive 60 days' advance written notice under the WARN Act from the Corporate Defendants.

16.  In August 2016, approximately 170 other similarly situated employees who reported to Defendants' facility were terminated as the result of the shutdown of Defendants' plant in Rockford, IL.

17.  Pursuant to the WARN Act, the plaintiffs maintain this action on behalf of themselves and on behalf of each of the other similarly situated former employees.

18.  Each of the other similarly situated former employees is similarly situated to the Plaintiffs in respect to his or her rights under the WARN Act.

19.  Defendants were required by the WARN Act to give the Plaintiffs and other similarly situated former employees or the representatives at least 60 days' advance written notice of their respective termination.

20.  Defendants issued a WARN Act notice on or about August 1, 2016, indicating that the RPL plant would be closing on September 30, 2016 and laying off over 100 employees.

21.  However, the plant abruptly shut down on August 12, 2016 and terminated all employees.

22.  Defendants failed to pay the Plaintiff and the other similarly situated former employees their respective wages, salary, commissions, bonuses, accrued holiday pay vacation

which would have accrued for sixty (60) days following their respective termination without notice and failure to make 401(k) contributions and provide them with health insurance coverage and other employee benefits.

23.     Plaintiff worked for Defendants during the statutory period.

## RULE 23 CLASS ACTION ALLEGATIONS

24.     Plaintiff asserts a Rule 23 class claim on behalf of the Putative Class defined as follows:

> **All persons who worked at or reported to the Defendants' Rockford, IL facility and were laid off without cause by the Defendants as part or as the reasonably foreseeable result of a plant shutdown ordered by the Defendants at the facilities (the "Class") in August, 2016.**

25.     The number of persons in the Putative Rule 23 Class herein is so numerous that joinder of all such persons would be impracticable. While the exact number and identities of all such persons are unknown to Plaintiff at this time and can only be obtained through appropriate discovery, Plaintiff is informed and believes, and on that basis alleges, that the Putative Rule 23 Classes herein include over 170 persons.

26.     Disposition of Plaintiff's claims in a class action will benefit all parties and the Court.

27.     There is a well-defined community of interest presented by the Putative Rule 23 Class herein in that, among other things, each member of the Putative Rule 23 Class has an interest in collecting unpaid wages, obtaining other appropriate legal relief for the harm for which Plaintiffs complain, and obtaining other adequate compensation for the common damages which Plaintiffs and all other persons similarly situated have suffered as a result of Defendant's actions.

28.     A class action in this case is superior to any other available method for the fair and efficient adjudication of the claims presented herein.

29.     The prosecution of separate actions by individual members of the Putative Rule 23 Class herein would create a risk of inconsistent and/or varying adjudications with respect to individual members of the Putative Rule 23 Class which may establish incompatible standards of conduct for Defendants and which would also create a risk of adjudications with respect to individual members of the Putative Rule 23 Class herein which would, as a practical matter, be dispositive of the interests of other members of the Putative Rule 23 Class not parties to the particular individual adjudications, and/or may substantially impede or impair the ability of those other members to protect their interests.

30.     Common questions of law and fact exist in this case with respect to the Putative Rule 23 Class which predominate over any questions affecting only individual members of the Class and which do not vary between members thereof.

31.     At some time during the Class Period, all of the individuals in the Putative Rule 23 Class herein have been employed by the Corporate Defendants and were laid off and denied wages under the WARN Act.

32.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy- particularly in the context of WARN Act litigation, where the individual Plaintiffs and class member may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

33.     There are questions of law and fact common to the Class Members that predominate over any questions solely affecting individual members of the Class, including but not limited to:

(a) Whether the Class Members were employees of the Defendants who worked at or reported to the Defendants' Facilities; and

(b) Whether the Defendants ordered the termination of employment of each of the Class Members without cause on their part and without giving them 60 days' advance written notice as required by the WARN Act.

34.     The claims of the named Plaintiff in this case are typical of those of the other Class Members which she seeks to represent, in that, among other things, Plaintiff and each other Class Member have sustained damages and are facing irreparable harm because of, and arising out of, a common course of conduct engaged in by the Defendants as complained of herein.

35.     The claims of the named Plaintiff herein are coincident with, and not antagonistic to, the claims of other Class Members which the named Plaintiff seek to represent.

36.     The named Plaintiff herein will fairly and adequately represent and protect the interests of the members of the Putative Class which she seeks to represent.  Plaintiff does not have any interests which are antagonistic to the interests of the Putative Class herein.

37.     Counsel for Plaintiff are experienced, qualified and generally able to conduct complex class action legislation.

38.     The relief sought in this action is necessary to restore to members of the Putative Class the money and property which the Defendants have illegally acquired through the unlawful treatment of each Class Member as described herein.

39.     Plaintiff intends to send notice to all members of the Putative Class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the Putative Class members are available from Defendants' records.

6

## COUNT I – WARN ACT VIOLATIONS CLASS ACTION  CLAIM

40.    At all relevant times, the Defendants employed 100 or more employees, exclusive of part-time employees, or employed 100 or more employees who in the aggregate worked at least 4,00 hours per week exclusive of hours of overtime within the United States as defined by the WARN Act, and employed more than 50 employees at the facilities.

41.    At all relevant times, the Defendants were jointly and severally an "employer" of the Class Members as that term is defined by the WARN Act.

42.    In August 2016 the Defendants ordered a "plant shutdown," as that term is defined by the WARN Act.

43.    The Defendants' actions at the Facilities resulted in an "employment loss" as that term is defined by the WARN Act for at least 33% of its workforce, and at least 50 of its employees, excluding (a) employees who worked less than six of the twelve months prior to the date WARN notice was required to be given and (b) employees who worked an average of less than 20 hours per week during the 90-day period prior to the date WARN notice was required to be given.

44.    The Defendants' termination of the Plaintiff's and the Class Members' employment constituted plant shutdowns as defined by the WARN Act.

45.    The Plaintiff and each of the Class Members who were employed by the Defendants and then terminated by the Defendants as a result of Defendant's executing a plant shutdown at the Rockford, IL facility were "affected employees" as defined by the WARN Act.

46.    The Plaintiff and each of the Class Members are "aggrieved employees" of the Defendants as that term is defined by the WARN Act.

47.     Pursuant to the WARN Act, the Defendants were required to provide 60 days prior written notice of the termination, or notice as soon as practicable, to the affected employees, on their representative, explaining why the sixty (60) day prior notice was not given.

48.     The Defendants failed to give at least sixty (60) days prior notice of the termination in violation of the WARN Act.

49.     The Defendants failed to pay the Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 working days following their respective termination, and failed to make the pension and 401(k) contributions, provided other employee benefits under ERISA, and pay their medical expenses for 60 calendar days from and after the dates of their respective terminations.

50.     As a result of the Defendants' failure to pay wages, benefits and other monies as asserted, the Plaintiffs and Class Members were damaged in an amount equal to the sum of the members' unpaid wages, accrued holiday pay, accrued vacation pay, accrued sick leave pay and benefits which would have been paid for a period of sixty (60) calendar days after the date of their termination.

**WHEREFORE**, the Plaintiff and Class Members demand trial by jury and judgment against the Defendants as follows:

a)      An amount equal to the sum of: unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay and 401(k) contributions and other ERISA benefits, for sixty (60) working days following the distribution of the WARN Act notice, that would have been covered and paid under the then applicable employee benefit plans had that

8

coverage continued for that period, all determinate in accordance with the WARN Act, 29 U.S.C§ 2104(a)(1)(A);

b)     Certification that, pursuant to Fed. R. Civ. P. 23 (a) and (b) and the WARN Act, Plaintiff and the Other Similarly Situated Former Employees constitute a single class;

c)     Interest as allowed by law on the amounts owed under the proceeding paragraphs;

d)     The reasonable attorneys' fees and the costs and disbursements the Plaintiffs incur in prosecuting this action, as authorized by the WARN Act;

e)     Civil penalties in the maximum amount per employee, as provided by the WARN Act; and

f)     Such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Respectfully submitted by:

**/s/ Gary Martoccio**
Gary Martoccio, Esq.
Illinois Attorney Registration No. 6313431
Gary.Martoccio@spielbergerlawgroup.com
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570
F: (866) 580-7499
*Attorneys for Plaintiff*

# EXHIBIT C

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| JENNIFER OLSON on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-01914 |
| IMPERIAL MARBLE CORPORATION, | ) ) | Honorable Matthew F. Kennelly |
| Defendant. | ) ) ) | |

## NOTICE OF CLASS ACTION

TO:     All former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018, or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class").

SUBJECT:     The right to participate in a lawsuit to recover up to 60 days' wages and benefits for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 - 2109 (the "WARN Act").

DATE:     _____, 2018

### The Nature of the Action

Plaintiff Jennifer Olson ("Plaintiff") has filed the above captioned class action (the "Action") against Defendant, on her own behalf and on behalf of each putative class member to recover up to sixty (60) days' pay and benefits from the Defendant under the WARN Act.

The Plaintiff claims that, under the WARN Act, she and the other former employees who worked at or reported to the Facility were terminated without cause on their part on or about February 13, 2018, or within thirty days thereafter as part of, or as the reasonably expected consequence of, the mass layoff ordered by the Defendant on or about February 13, 2018.

The Plaintiff claims that Defendant violated the WARN Act by failing to give employees 60 days' advance written notice of their terminations, and, having not received such notice, the employees are entitled to up to 60 days' wages and benefits under the WARN Act.

## The Issues and Defenses

Defendant has not yet filed an answer to the Complaint.

If the Action is successful, class members will be entitled to their unpaid wages and benefits, for each day that they did not receive written notice of their impending termination, up to a maximum of 60 days.

## The Definition of the Class

The Court has recently certified this case as a class action. The Class is defined as: All former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018, or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class").

## Class Counsel and Class Representatives

The Plaintiffs are represented by The Gardner Firm, P.C., 210 S. Washington Avenue, Mobile, Alabama 36602, (251) 433-8100, Lankenau & Miller, LLP, 132 Nassau Street, Suite 1100, New York, New York 10038, (212) 581-5005, and Hiltz & Zanzig, LLC, 53 West Jackson Blvd., Suite 205, Chicago, Illinois 60604, (312) 566-9008.

These firms have recently been appointed Class Counsel by the Court. The Court has also recently appointed Plaintiff as the Class Representative.

## What to Do

**If you wish to remain a member of the class, you do not need to do anything and you will receive whatever benefits you, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the Class. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.**

**If you do <u>not</u> wish to participate in this Action, and wish to be excluded and not receive any benefits of that action, complete the opt-out form below, and sign and mail that form to The Gardner Firm, P.C., 210 S. Washington Avenue, Mobile, Alabama 36602, Attn: Mary E. Olsen. The form must be received by Ms. Olsen by no later than _____, 2018. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.**

The Court has taken no position regarding the merits of Plaintiff's claims or Defendant's defenses. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Mary Olsen of The Gardner Firm, P.C. at (251) 433-8100.

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER OLSON on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-01914 |
| IMPERIAL MARBLE CORPORATION, | ) ) | Honorable Matthew F. Kennelly |
| Defendant. | ) ) | |

**OPT-OUT FORM**

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

I do **not** want to participate in the above Class Action and do not wish to be bound by the outcome of the Class Action or receive any benefits of that action.

_____          _____
Signature                                                          Address

_____          _____
Name (printed or typed)                                 Telephone

_____          _____
Date                                                                 Email Address

# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENNIFER OLSON on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 18-cv-01914 |
| IMPERIAL MARBLE CORPORATION, | ) ) | Honorable Matthew F. Kennelly |
| Defendant. | ) ) ) | |

**PROPOSED ORDER**

AND NOW**,** upon consideration of Jennifer Olson ("Plaintiff") motion for an order: (a) certifying a class pursuant to Fed. R. Civ. P. 23 comprised of all former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018 or within thirty days thereafter, who do not file a timely request to opt-out of the class ("Class"), (b) appointing Plaintiff Jennifer Olson as Class Representative, (c) appointing The Gardner Firm, P.C., Lankenau & Miller, LLP, and Hiltz & Zanzig, LLC as Class Counsel, (d) approving the form and manner of notice to the class of this class action, and (e) granting such other and further relief as this court may deem proper (the "Motion"), and the Court having determined that class certification is appropriate; IT IS HEREBY ORDERED THAT:

1. A class (the "Class") is certified comprised of the following:

> All former employees of Imperial Marble Corporation ("Defendant") who worked at or reported to the facility located at 327 E. LaSalle Street, Somonauk, IL, 60552 (the "Facility") and were terminated, without cause on their part, on or about February 13, 2018 or within thirty days

1

thereafter, who do not file a timely request to opt-out of the class ("Class").

The Class described above meets the requirements of Fed. R. Civ. P. 23 (a). Specifically, the numerosity factor of Fed. R. Civ. P. 23(a)(1) is met because the proposed Class numbers approximately 90 former employees of the Defendant, making joinder of Class Members impracticable. The commonality factor of Fed. R. Civ. P. 23(a)(2) is met because there are questions of law or fact common to every member of the Class, namely: whether Defendant's actions triggered the sixty-day notice requirement; … whether statutory exceptions to the notice requirement apply; whether Defendant failed to provide notice as required; and whether proposed class members suffered an employment loss. In short, the Class Members' claims raise identical issues regarding the circumstances surrounding their layoffs and, thus, the alleged violations of the WARN Act. Any differences in the issues affecting Class Members' circumstances (for example, their rates of pay and levels of benefits under the WARN Act on the date of their layoff), do not outweigh the questions of law and fact that are common to every Class Member. The typicality factor of Fed. R. Civ. P. 23(a)(3) is met here as "the claims . . . of [Plaintiffs who are] the representative parties [are] typical of the claims . . . of the class." Plaintiff's claims are based on the same facts as the other Class Members. The Plaintiff is the proposed Class Representative. No conflicts, disabling or otherwise, exist between the Class Representative and the Class Members because the representative has allegedly been damaged by the same alleged conduct and has the incentive to fairly represent all Class Members' claims to achieve the maximum possible recovery. Moreover, the adequacy requirement is met. Class Counsel, namely The Gardner Firm, P.C. and Lankenau & Miller LLP, are experienced class action attorneys and have been appointed as lead counsel in numerous WARN Act class actions. Also relevant to the Court's certification decision is whether a class action is the superior method of adjudication. Here, each Class Member's claim would be impractical to bring as an

individual claim. Further, this forum is ideal for concentrating the litigation of the WARN Act claims of the Class Members. The difficulties in managing this litigation as a class action are few: the Class Members can be readily identified from the Defendant's books and records; the potential liability of Defendant can be readily calculated; and there is but one course of conduct -- that of Defendant's -- to examine and adjudicate. Accordingly, the Class meets all criteria for certification and should be certified pursuant to the requirements of Fed. R. Bankr. P. 23(a)(4) and (b)(3) and Fed. R. Civ. P. 23(a)(4) and (b)(3).

2. Plaintiff is hereby appointed Class Representative.

4. The Gardner Firm, P.C., Lankenau & Miller LLP, and Hiltz & Zanzig, LLC are appointed class counsel (collectively "Class Counsel").

5. The proposed form of Notice to the Class, attached to this Order as Exhibit A, is approved. Notice in compliance with this Order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all Class Members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

6. Defendant must provide Class Counsel with an electronic spreadsheet containing the names and last known addresses of the former employees encompassed by the Class as defined above ("Class List") within ten (10) days of entry of this Order.

7. Within ten (10) days of Class Counsel's receipt of the Class List, Class Counsel shall mail the Notice, First Class postage prepaid, to the proposed members of the Class at their last known addresses as noted in the Defendant's records, in an envelope bearing the return address of The Gardner Firm, P.C.

8. Class members who wish to opt-out of the Class must complete the opt-out form, included with the Class Notice (attached), and must sign and mail that opt-out form to The Gardner Firm, P.C., 210 South Washington Avenue, Mobile, Alabama 36602, Attn: Mary E. Olsen - so that it is received by Ms. Olsen by no later than thirty-five (35) days after the date on which the class notice was mailed. The date of the opt-out

deadline shall be included in the Class Notice. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

10. Within five (5) days after the last date on which a Class Member may timely opt-out, Class Counsel shall serve and file a sworn statement listing the names of any persons who have timely opted out of the Class.

Dated:_____2018                                    **ENTER:**


_____

UNITED STATES DISTRICT JUDGE